IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNIQUE BARKSDALE PLAINTIFF

V. CIVIL ACTION NO.4:25-CV-150-DMB-DAS

SAFECO INSURANCE COMPANY
OF AMERICA DEFENDANT

ORDER GRANTING MOTION TO STRIKE

This matter is before the court on the Motion to Strike Plaintiff's Expert Designation [47] filed by Safeco Insurance Company of America ("Safeco"). Plaintiff Unique Barksdale has responded, and Safeco has replied. [50, 52]. Having considered the parties' submissions, the record, and the applicable law, the court finds the Motion should be GRANTED.

Plaintiff filed her Notice of Service of Rule 26 Designation and Disclosure of Expert Testimony [45] on July 10, 2026, the court's deadline for her expert designation.[1] [33]. The plaintiff designated Watkins Roofing & Construction as a non-retained expert and Jimmy Halfacre, P.E. and Kevin Whitehead as retained experts. [47-1]. Three days later, on July 13, 2026, Safeco filed the instant motion arguing Plaintiff's retained and non-retained expert designations fail to satisfy the disclosure requirements of Federal Rule of Civil Procedure 26 in numerous respects. On July 22, 2026, Plaintiff supplemented Kevin Whitehead's disclosure, [Doc. 50-1, 50-2], and on July 27, 2026, she supplemented Watkins Construction & Roofing's disclosure [Doc. 50-3].[2] In her response to Safeco's motion, Plaintiff states she "will not call Jimmy Halfacre and withdraws his designation." [50]. Plaintiff claims her supplemented disclosures "cured" the issues raised in Safeco's motion without prejudice to Safeco. In its reply,

[1] The court notes Plaintiff's deadline for designating her experts was extended twice, [21, 33], and the second extension required a trial continuance to accommodate her request. [31].
[2] Plaintiff did not file notices of service for the supplemental expert designations on the Docket.

Safeco argues Plaintiff's supplemented designations remain deficient under Rule 26 and should be stricken.

I. Timeliness of Expert Designations

Federal Rule of Civil Procedure 26(a)(2)(D) requires expert disclosures to be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). And Local Rule 26(a)(2) requires a proponent of expert testimony to make a "full and complete disclosure ...no later than the time specified in the case management order ...." L. U. Civ. R. 26(a)(2). Local Rule 26(a)(2) further specifies "[a]n attempt to designate without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken…." L. U. Civ. R. 26(a)(2); *see also In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 371 (5th Cir. 2016) ("Initial expert disclosures are expected to be 'full and complete.'").

Here, the plaintiff served her expert designation on July 10, 2026, the deadline imposed by the court, and supplemented the designation on July 22 and 27, 2026. While Federal Rule of Civil Procedure 26(e) requires parties to supplement previous disclosures if they learn that such disclosures are incorrect or incomplete, supplemental disclosures "are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 371 (5th Cir. 2016) (quoting *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996) (affirming district court's exclusion of untimely supplemental expert report and noting that the purpose of rebuttal and supplementary disclosures is not to extend the expert-disclosure deadline). The plaintiff's attempts to characterize her late disclosures of Kevin Whitehead and Watkins Construction & Roofings as supplements are unavailing, especially considering her

concession that her initial designation was incomplete, thus making her expert designation untimely.

II. Adequacy of Expert Designation

The rules require a party to submit a written report from every expert witness who the party retains or specially employs to provide expert testimony. Fed. R. Civ. P. 26(a)(2)(B). However, parties are not required to submit a written report for experts who are not specifically retained or employed to provide expert testimony, but who still qualify as experts under Federal Rule of Evidence 702. Fed. R. Civ. P. 26(a)(2)(C). For those experts, a party must disclose only the subject matter and a summary of facts and opinions to which the expert will testify. *Id.*; *see also* L. U. Civ. R. 26(a)(2)(D).

As a retained expert, Kevin Whitehead's report is subject to the requirements of Rule 26(a)(2)(B), yet the initial and supplemental designations fail to supply the information contemplated in subsections (i) – (iv), most notably the facts or data Whitehead considered in forming his opinions. The supplemental report broadly identifies the types of documentation Mr. Whitehead reviewed in forming his opinions but fails to provide any of the facts or data contained therein that support his opinions. Vague references to his physical inspection of the insured property, photographs, and observations, claim documents, and estimates, for example, do not disclose what facts or data Mr. Whitehead relied on in forming his opinions. As for his opinions, they are vague and conclusory and fail to provide the basis or reason for them. The report opines "the subject property sustained substantially more storm-related damage than reflected in Defendant's adjustment and estimate" but does not identify what additional storm damage was incurred. Mr. Whitehead states he will testify concerning "deficiencies and

omissions contained within Defendant's estimate," but again does not specifically provide any factual basis or reasoning for why the estimate is deficient.

As for Watkins Construction & Roofing, a non-retained expert, Plaintiff's supplemental designation identifies Todd White, yet fails to include a summary of the facts underlying the opinions to which Mr. White is expected to testify. For example, the supplemental designation makes several references to the roof conditions and damage Mr. White "observed" but provides no factual details about what the observed conditions or damage involved. The court finds Plaintiff's initial and supplemental disclosures untimely and inadequate under Rule 26.

III. Remedy for Inadequate Designation

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). In deciding whether to exclude an expert witness for failure to comply with Rule 26(a)(2), the court is guided by four factors: (1) the party's explanation for its failure to disclose; (2) the importance of the testimony; (3) whether the opposing party is prejudiced by including the testimony; and (4) the availability of a continuance to cure such prejudice. *Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

Counsel for the plaintiff points to demands of trial preparation in an unrelated case as the reason for his failure to timely submit completed expert designations calling the delay "an inadvertent and temporary scheduling circumstance" that he claims was cured by the supplementation. While the court is sympathetic to the demands of litigation practice, counsel for Plaintiff could have requested an extension of the expert designation, as done previously, if additional time was needed. However, the court cannot ignore that even the supplemented

disclosure remains incomplete, and the missing information is substantive and central to the experts' opinions. Plaintiff argues the testimony regarding "the scope and cost of repairing the insured property" is a central issue in the case and claims allowing it creates "little or no prejudice." While the testimony is undoubtedly important, Plaintiff's expert designation deadline has already been extended twice, once necessitating a trial continuance, and now Safeco's expert designation deadline has passed, and the close of the discovery period is imminent. Ultimately, Plaintiff's failure to fully and completely designate expert witnesses even after the deficiencies were brought before the court compels the court to strike the insufficient and untimely disclosures. The Motion to Strike Plaintiff's Expert Designation is GRANTED.

SO ORDERED, this the 4th day of September, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE