IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNIQUE BARKSDALE PLAINTIFF

V. CIVIL ACTION NO.4:25-CV-150-DMB-DAS

SAFECO INSURANCE COMPANY
OF AMERICA DEFENDANT

ORDER

This matter is before the court on the Motion to Compel [39] filed by Safeco Insurance Company of America ("Safeco"). The motion was filed on June 19, 2026, and remained unopposed for over two months until Plaintiff filed an Amended Motion for Leave to File Response Out of Time on September 1, 2026. [60]. Notably, Plaintiff's Motion was not filed until after the court informed the parties via email that rulings on Safeco's Motion to Compel [39] and Motion to Strike Plaintiff's Expert Designation [47] were forthcoming.

Under Local Uniform Civil Rule 7(b)(3)(E), "[i]f a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed." *See also* L.U.Civ.R. 7(b)(4) ("Counsel for respondent must, within fourteen days after service of a movant's motion and memorandum brief, file a response and memorandum brief in support of the response."). While this alone is a basis for granting Safeco's motion to compel, Plaintiff's Amended Motion for Leave to File Response Out of Time requires consideration under Federal Rule of Civil Procedure 6(b)(1)(B). When a party does not seek an extension until after the relevant filing deadline has passed, an extension may *only* be granted "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Excusable neglect is a "somewhat elastic concept," one which "tak[es] account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick*

*Assocs.*, 507 U.S. 380, 392, 395 (1993). In determining whether Plaintiff's neglect was "excusable," we consider (1) the prejudice to Safeco; (2) the length of Plaintiff's delay and its impact on the proceeding; (3) the reason for the delay and whether it was within Plaintiff's control; and (4) whether Plaintiff acted in good faith. *See Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012).

The plaintiff has failed to meet several deadlines in this case. She admittedly failed to properly respond to Safeco's discovery requests necessitating Safeco's motion to compel; she then failed to respond to Safeco's motion to compel or move for an extension of time to respond within the time permitted by the rules. Plaintiff claims the delay was occasioned by her active supplementation of discovery responses and contends "[f]iling a substantive response before that work was completed would have asked the Court and Safeco to address answers Plaintiff knew required correction and would have generated avoidable disputes over superseded information." However, the court is of the opinion that Plaintiff's failure to ask for additional time to either respond to Safeco's discovery requests or its motion to compel did in fact "generate avoidable disputes" this court must now address.

Accepting *arguendo* that Plaintiff acted in good faith and that the prejudice to Safeco and delay of proceedings were minimal, Plaintiff has not established that her counsel's untimeliness was excusable. According to Safeco, Plaintiff's responses to its first set of interrogatories and requests for production were significantly late and her responses to its second set of interrogatories were over two months overdue prompting Safeco's motion to compel, which Plaintiff again failed to acknowledge for over two months. Plaintiff urges the court to accept her untimely response and decide the motion on a complete record; however, the court finds this is too little too late.

By Plaintiff's own admission, the deadline for responding to the motion to compel was known and the delay in responding was entirely within her counsel's control. The fact that Plaintiff was "completing the supplementation" is not an acceptable basis for completely disregarding known discovery and briefing deadlines. The Amended Motion for Leave to File Response Out of Time became ripe just two days before the September 18, 2026, discovery deadline, meaning a trial continuance would be required to necessitate full scope of the relief the plaintiff requests in her motion. There is nothing before the court suggesting that Plaintiff's failure to respond was the result of circumstances outside her control or even counsel's inadvertence or mistake. In essence, Plaintiff did not comply with the deadlines for responding to discovery and then failed to timely respond to Safeco's motion to compel and is now asking the court to deem those known deadlines arbitrary without demonstrating good cause or excusable neglect for those errors.

Plaintiff's Amended Motion for Leave to File Response Out of Time [60] is denied and Safeco's Motion to Compel [39] is granted as unopposed. However, in granting the Motion to Compel, the court is not ruling that *all* Plaintiff's objections are waived; rather, the Court is granting only Safeco's request to compel responses to the specific discovery requests outlined in the motion. To the extent that Plaintiff's supplementation remedies any of the deficiencies alleged in the Motion to Compel, Plaintiff can incorporate the supplementation by reference thereto. Plaintiff has until October 7, 2026, to fully respond to the discovery requests outlined in the motion.

SO ORDERED, this the 25th day of September, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE